## People, etc., ex rel. Nancy S. Tilden et al. v. John M. Welsh et al., Trustees of Schools.

1. ELECTIONS—*Women Can Not Vote Upon a Proposition to Establish a Township High School.*—The act of 1891, giving to women the right "to vote at any election held for the purpose of choosing any officer under the general or special school laws of this State," only confers upon women the right to vote for "any officer under the general school laws," and does not authorize them to vote on a proposition to establish a township high school submitted at such an election.

Mandamus.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed July 1, 1897.

F. E. HOBERG, HENRY MAYO and JOHN H. WIDMER, attorneys for appellants.

Although the act of 1891 does not, in terms, profess to be an amendment to any other statute, it is manifest that its

necessary effect is to amend the general school law, as revised by the act of 1889, by conferring upon females the privilege of voting at elections provided for in that law. Its obvious purpose and intent was to give to the women of our State an equal voice with the men in deciding such elections. One law may be amended by another without any reference to it. People v. Wright, 70 Ill. 388; Timm v. Harrison, 109 Ill. 593; School Directors v. School Directors, 135 Ill. 464; English v. City of Danville, 150 Ill. 92; Castner v. Walrod, 83 Ill. 171.

And an amendment of a statute will operate precisely as though the subject-matter of the amendment had been originally incorporated in the statute amended, as regards any action had after the amendment was made. Holbrook v. Nichol, 36 Ill. 161; English v. City of Danville, 150 Ill. 92.

In construing the act of 1889, as amended by the act of 1891, we think the following rules are applicable:

The primary object of construction is to ascertain and give effect to the legislative intention. Zaresseller v. People, 17 Ill. 104; Soby v. People, 134 Ill. 66.

A thing within the intention is regarded as within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention. Perry County v. Jefferson County, 94 Ill. 214; People v. Hoffman, 97 Ill. 234; People v. City of Chicago, 152 Ill. 546.

The court should look at the whole act, and seek to ascertain such intention by an examination and comparison of its various provisions. Soby v. People, 134 Ill. 66.

The several provisious should be construed together, in the light of the general objects and purposes of the enactment, so as to give effect to the main intent, although thereby particular provisions are not construed according to their literal meaning. People v. City of Chicago, 152 Ill. 546.

Courts, in construing a statute, are not confined to the literal meaning of the words in the statute, but the intention is to be gathered from the necessity or reason of the enact-

ment, and the meaning of the words enlarged or restricted according to their true intent. Castner v. Walrod, 83 Ill. 171; People v. Chicago, 152 Ill. 546.

That which is implied is as much a part of the statute as that which is expressed; and it is not necessary, in all cases, that the legislature should in explicit and affirmative terms declare its will in order to make that will the law. People v. Chicago, 152 Ill. 546; Wood v. Blanchard, 19 Ill. 38.

DUNCAN, HASKINS & PANNECK and CHARLES W. HELMIG, attorneys for appellees.

" The presumption is that the legislature does not intend to change or modify the law beyond what it expressly declares, either in express terms or by unmistakable implication; for it is not to be supposed that the legislature will overturn the established principles of law without expressing such intention with irresistible clearness." Vol. 23, Am. & Eng. Enc. of Law, 357.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

At the general election for township trustee of schools in township 33 north, and of range 1, east of the third P. M. in La Salle county, a proposition to establish a township high school was also submitted to the voters. Many women possessing the legal qualifications entitling them to vote for school officers voted at said election, and voted not only for school trustee, as by law provided, but also upon the proposition to establish a high school. The school trustees in canvassing the returns, while counting the votes of the women for trustee, rejected their votes upon the question of a high school. They declared the proposition adopted, and correctly so if they were right in rejecting the votes thereon cast by the women; but if the women were legally entitled to vote upon that subject, then the proposition was in fact defeated by their vote. Nancy S. Tilden and other women who voted against said proposition at said election filed in the Circuit Court of La Salle County their petition for a mandamus against said trustees to compel them to

count and record the votes cast by women for and against establishing a township high school, and to make return to the county superintendent of schools of the result adverse to the establishment of such school. The Circuit Court sustained a demurrer to the petition and dismissed it at the cost of the relators. From that judgment the relators prosecute this appeal.

The sole question presented is whether women are entitled to vote upon a proposition for the establishment of a township high school. The Constitution does not authorize women to vote. The only electors therein provided for are men. It is only in cases where the Constitution contains no provision as to the mode in which an election shall be held and as to the qualifications of an elector thereat, that the legislature can confer suffrage upon women. People ex rel. Ahrens v. English, 139 Ill. 622; Plummer v. Yost, 144 Ill. 68. Their authority to vote in such cases would rest wholly upon legislative enactment. The only authority relied upon here for the counting of the ballots in dispute is the act in force July 1, 1891, entitled, " An act to entitle women to vote at any election held for the purpose of choosing any officer under the general or special school laws of this State." The only vote embraced within the title of the act, as we construe it, is a vote " choosing any officer under the general or special school laws." If the argument that a woman may vote at an election of school officers not only for such officers but also upon everything else submitted to be voted upon at such election, has any support in the title of the act, which we think it has not, that position is excluded by section two of the act. It provides that if there are other public officers to be elected at the same time as school officers, the ballots offered by women entitled to vote under said act shall not contain the name of any person to be voted for at such election except such officers of public schools, and that such ballots cast by women shall be deposited in a separate ballot box, but canvassed with other ballots cast for school officers at such election.

The obvious purpose of the act was to permit women to

vote for school officers, and caution was used to prevent their voting to fill other offices which might be included upon the ballots cast by men at the same election. It is true the act does not in express terms forbid women voting upon a proposition submitted at said election, but neither does it expressly or by any fair implication permit them to do so. They can not vote upon the proposition unless they can derive their authority from the statute. Under the position here contended for, if the legislature should authorize the election of a school trustee at the general election when officers, from presidential electors down to constables, are upon the ballot, while women could not vote for any other officer named upon the ballot except school trustee, yet they could vote upon any constitutional amendment or proposition to issue bonds or create a debt, which happened to be legally submitted at such general election. We can not believe the legislature, in framing the act under consideration, intended any such result. We are of opinion the sole purpose of the act was to permit women to vote for school officers. It follows that it was the duty of the board of trustees to refuse to count ballots cast by women for and against the establishment of a township high school, and that the judgment of the Circuit Court sustaining the demurrer to the petition for a mandamus, and dismissing the petition, was right, and it is therefore affirmed.